**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:26-cv-26668

| | | |
|---|---|---|
| DOE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, PARTNERSHIPS, | ) | |
| AND | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | | |

## VERIFIED COMPLAINT

Plaintiff, proceeding as "Doe Corp." pending the Court's ruling on its contemporaneously filed motion for leave to proceed under a pseudonym and to file the true identity of Plaintiff and Schedule "A" under seal, sues the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively, "Defendants"), and alleges as follows.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. Plaintiff designs, manufactures, and sells original inflatable costumes and inflatable novelty products, including the works at issue here. Plaintiff owns valid United States copyright registrations for each of those works.

2. Defendants are sellers who operate storefronts on online marketplaces, including Amazon.com and Walmart.com. Each Defendant, without authorization, has reproduced, distributed, offered for sale, and sold products that copy Plaintiff's original artwork. Defendants

use aliases, incomplete registration information, and offshore payment accounts to conceal their identities and to frustrate enforcement. They rely on the anonymity of the marketplace to sell infringing goods to consumers in this District and throughout the United States.

3. Plaintiff brings this action to stop the ongoing infringement, to obtain the relief necessary to preserve the status quo and Defendants' ill-gotten proceeds, and to recover the damages the law affords. Because Defendants can dissipate assets and disappear within hours of learning of this suit, Plaintiff seeks its injunctive relief by separate ex parte motion filed with this Complaint.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the claim arises under the Copyright Act, 17 U.S.C. § 101 et seq.

5. This Court has personal jurisdiction over each Defendant. Each Defendant, directly or through agents, has transacted business within Florida and committed tortious acts within Florida within the meaning of Florida's long-arm statute, Fla. Stat. § 48.193(1)(a)(1)–(2) and § 48.193(1)(a)(6). Each Defendant operates one or more interactive, commercial storefronts through which it has offered to sell and has sold infringing products to consumers in Florida, has accepted payment from Florida consumers, and has shipped or stands ready to ship infringing products into Florida. See *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353–54 (11th Cir. 2013); *Licciardello v. Lovelady*, 544 F.3d 1280, 1287–88 (11th Cir. 2008). To the extent any Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's

claim arises under federal law and the exercise of jurisdiction is consistent with the Constitution and laws of the United States.

6. The specific facts establishing this Court's personal jurisdiction over each individual Defendant are set forth in the section below titled "Personal Jurisdiction Over Each Defendant" and in the evidence submitted with Plaintiff's motion for a temporary restraining order.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) and under 28 U.S.C. § 1400(a). A substantial part of the events giving rise to Plaintiff's claim occurred in this District, Defendants are subject to personal jurisdiction in this District, and Defendants may be found in this District for venue purposes because they have directed and continue to direct infringing sales into it.

## THE PARTIES

8. Plaintiff is a limited liability company organized and existing under the laws of the People's Republic of China. Plaintiff is the author or the owner by written assignment of each of the copyrighted works at issue, and it is the current owner of the corresponding United States copyright registrations. Plaintiff's true legal name and address are set forth in the concurrently filed motion to proceed under seal and, if that motion is granted, will be provided to the Court under seal.

9. Defendants are the individuals, partnerships, and unincorporated associations identified on Schedule "A" to this Complaint, which Plaintiff seeks leave to file under seal. Each Defendant is either an individual or a business entity of unknown composition. On information and belief, each Defendant resides in or operates from the People's Republic of China or another foreign jurisdiction, or otherwise conceals its true location. Defendants conduct business in the

United States, including in this District, through the seller accounts, storefronts, and marketplace listings identified on Schedule "A."

10. On information and belief, Defendants are working individually and, in some instances, in active concert. Several Defendants use related storefronts, common product images, and the same or similar infringing listings, which indicates coordinated conduct. Joinder of Defendants in a single action is therefore proper under Federal Rule of Civil Procedure 20(a)(2) because Plaintiff's claims against them arise out of the same series of transactions or occurrences, namely the unauthorized reproduction and sale of the same copyrighted works, and questions of law and fact common to all Defendants will arise in the action.

## PLAINTIFF'S COPYRIGHTED WORKS

11. Plaintiff invests substantial time and resources in creating original artistic designs for its inflatable costumes and inflatable novelty products. The designs consist of original pictorial, graphic, and sculptural features, including the sculptural shaping of the figures and the two-dimensional surface artwork applied to them. Those artistic features can be identified separately from, and are capable of existing independently of, any utilitarian aspects of the products on which they appear.

12. Plaintiff owns the following valid United States copyright registrations issued by the Register of Copyrights (collectively, the "Works"):

| Registration No. | Title of Work | Effective Date of Registration | Basis of Ownership |
|---|---|---|---|
| [redacted] | [redacted] | February 1, 2023 | By assignment from the author |
| [redacted] | [redacted] | December 13, 2023 | By assignment from the author |
| [redacted] | [redacted] | March 5, 2024 | Plaintiff is the author (work made for hire) |

| | | | |
|---|---|---|---|
| | | | and claimant |
| [redacted] | [redacted] | May 8, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | June 20, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | September 5, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | December 19, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | December 24, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | December 25, 2024 | Plaintiff is the author (work made for hire) and claimant |
| [redacted] | [redacted] | September 29, 2025 | Plaintiff is the author (work made for hire) and claimant |

13. True and correct copies of the certificates of registration for the Works are attached as Composite Exhibit 1. Each registration is valid and subsisting.

14. Two of the Works were created by third parties and assigned to Plaintiff in writing. The [redacted], Registration No. VA [redacted], was created by [redacted], who assigned to Plaintiff all right, title, and interest in the work, the copyright, and the registration, together with all accrued and future claims for infringement. The [redacted], Registration No. VAu [redacted], was created as a work made for

hire by [redacted], which likewise assigned to Plaintiff all right, title, and interest in the work, the copyright, and the registration, together with all accrued and future claims for infringement. True and correct copies of the written assignments are attached as Composite Exhibit 2.

15. Because Plaintiff obtained the effective registration of each Work, the registrations constitute prima facie evidence of the validity of the copyrights and of the facts stated in the certificates. *See* 17 U.S.C. § 410(c); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The Works are original and contain more than a modicum of creativity. Their protectable artistic elements are separable from any utilitarian function, consistent with *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017).

16. Plaintiff has complied in all respects with the Copyright Act and has secured the exclusive rights and privileges in and to the copyrights in the Works. Plaintiff has not licensed or otherwise authorized any Defendant to reproduce, distribute, display, or sell the Works or any product embodying the Works.

**DEFENDANTS' UNLAWFUL CONDUCT**

17. Long after Plaintiff created and registered the Works, Defendants began reproducing them and selling infringing copies through their marketplace storefronts. Each Defendant offered for sale and sold one or more products that copy the protectable artistic features of one or more of the Works. The infringing products are substantially similar to, and in many instances nearly identical to, the Works.

18. Plaintiff or its investigators reviewed each Defendant's storefront and listings and confirmed that the products offered under the listings identified on Schedule "A" copy Plaintiff's artwork. Plaintiff's investigation, including the marketplace listings, seller information, and

product images for each Defendant, is compiled and preserved and will be submitted with Plaintiff's motion for a temporary restraining order.

19. Plaintiff caused test purchases to be made from Defendants' storefronts. The products received in response to those purchases confirm that Defendants are reproducing and distributing infringing copies of the Works. Records of the purchases, including order confirmations, are maintained by Plaintiff and will be submitted in support of Plaintiff's motion for a temporary restraining order.

20. Defendants are not authorized resellers of Plaintiff's products. The goods Defendants sell are not Plaintiff's goods. Defendants copied Plaintiff's Works to trade on Plaintiff's creativity and investment and to divert sales that would otherwise come to Plaintiff.

21. On information and belief, Defendants know that the Works are the original creations of another and that they have no right to copy them. Defendants use false or incomplete identifying information, offshore bank and payment accounts, and shifting storefront names to avoid detection and to continue their infringement. Defendants' conduct is knowing and willful.

22. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm. Defendants' infringing products are of unknown and uncontrolled quality, they undercut Plaintiff's pricing, and they erode the market for Plaintiff's original designs. Money damages alone cannot remedy this harm, and Defendants' offshore status makes any money judgment difficult to collect absent the asset relief Plaintiff seeks.

**PERSONAL JURISDICTION OVER EACH DEFENDANT**

23. Plaintiff has verified this Court's personal jurisdiction over each Defendant, and does not rely on group pleading to do so. As to each Defendant identified on Schedule "A," Plaintiff has confirmed the following facts through its investigation.

24. First, each Defendant operates a commercial, interactive storefront on Amazon.com or Walmart.com. Through that storefront, each Defendant can and does receive orders from, communicate with, and contract with consumers located in Florida. The storefronts allow a Florida consumer to select an infringing product, place an order, pay for it, and arrange for its shipment into Florida.

25. Second, each Defendant has offered to sell and has sold the infringing products into the United States, including into Florida, and each Defendant's listings represent that the products can be shipped to Florida addresses. Where Plaintiff has completed a test purchase from a Defendant, that purchase confirms the Defendant's willingness and ability to transact with consumers in this forum.

26. Third, by directing its infringing sales into Florida, each Defendant has committed a tortious act within Florida and has purposefully availed itself of the privilege of conducting business here, such that it should reasonably anticipate being haled into court in this District. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1353–55 (11th Cir. 2013); *Licciardello v. Lovelady*, 544 F.3d 1280, 1287–88 (11th Cir. 2008). The exercise of jurisdiction over each Defendant comports with due process and with traditional notions of fair play and substantial justice.

27. Fourth, to the extent any Defendant contends that it is not subject to the jurisdiction of the courts of general jurisdiction of any state, that contention establishes jurisdiction under Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claim arises under the federal Copyright Act, and each Defendant has sufficient contacts with the United States as a whole, through its nationwide marketplace sales, to satisfy due process.

28. The evidence supporting these facts as to each Defendant, including the storefront identifiers, listing information, and any completed test purchase, is compiled on a per-Defendant basis in the materials Plaintiff submits with its motion for a temporary restraining order and on Schedule "A."

**COUNT I**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

29. Plaintiff realleges and incorporates paragraphs 1-28 as if fully set forth herein.

30. Plaintiff owns valid and enforceable copyrights in the Works, each of which is the subject of a United States copyright registration. Plaintiff holds the exclusive rights under 17 U.S.C. § 106 to reproduce the Works, to prepare derivative works, to distribute copies of the Works, and to display the Works publicly.

31. Each Defendant infringed and continues to infringe Plaintiff's copyrights in violation of 17 U.S.C. § 501 by reproducing, distributing, offering for sale, and selling, without authorization, products that copy the protectable expression in one or more of the Works. Each Defendant had access to the Works through their public availability in the marketplace, and the infringing products are substantially similar to the Works.

32. Defendants' infringement is knowing and willful. Defendants copied the Works with knowledge that they belong to another and with reckless disregard for Plaintiff's rights.

33. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover its actual damages and Defendants' profits attributable to the infringement under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement. Plaintiff is also entitled to injunctive relief under 17 U.S.C. §§

502 and 503, to the impoundment and disposition of infringing articles, and to its costs and reasonable attorney's fees under 17 U.S.C. § 505.

34. Defendants' conduct has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against each Defendant and grant the following relief:

A. That the Court enter a temporary restraining order and, thereafter, a preliminary and permanent injunction enjoining each Defendant and its officers, agents, servants, employees, and all persons acting in concert with them from reproducing, distributing, offering for sale, or selling any product that infringes the Works;

B. That the Court order the marketplace platforms and the financial institutions and payment processors through which Defendants operate to restrain and hold Defendants' assets and funds in an amount sufficient to satisfy the relief awarded, pending further order of the Court;

C. That the Court order the impoundment and destruction or other reasonable disposition of all infringing articles in Defendants' possession, custody, or control under 17 U.S.C. § 503;

D. That the Court award Plaintiff its actual damages and Defendants' profits under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement;

E. That the Court award Plaintiff its costs and reasonable attorney's fees under 17 U.S.C. § 505;

F. That the Court award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

G. That the Court grant such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*

## VERIFICATION

I, the undersigned, am an authorized representative of Plaintiff in this action. I have read the foregoing Verified Complaint. I am competent to testify to the matters stated in it, and I have personal knowledge of Plaintiff's ownership of the copyrighted works and of the facts concerning Plaintiff's investigation of Defendants. The factual allegations set forth in the Verified Complaint are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on the date set forth below.

Zan zan Zhou

Name: Zan zan Zhou

Title: Authorized Representative of Plaintiff

Date: 24 sepeember 2026