**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-26668-CMA

| | |
|---|---|
| **SHENZHEN XINBENCHUANG ELECTRONICS CO., LTD.,** | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) ) ) ) |
| Defendants. | |

## AMENDED VERIFIED COMPLAINT

Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd. ("Plaintiff"), sues the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" (collectively, "Defendants"), and alleges as follows. Plaintiff files this Amended Verified Complaint under paragraph 4 of the Court's Omnibus Order [ECF No. 8] and Federal Rule of Civil Procedure 15(a)(1). It replaces the original Verified Complaint [ECF No. 1], identifies Plaintiff by its true name, and alleges the facts supporting personal jurisdiction over each Defendant.

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Plaintiff designs, manufactures, and sells inflatable costumes and inflatable party games, and it owns United States copyright registrations for the ten works at issue.

2. Defendants are sellers who operate storefronts on Amazon.com and Walmart.com. Each Defendant, without authorization, has reproduced, publicly displayed, distributed, and sold

products that copy the protectable expression in one or more of Plaintiff's works, including by selling and shipping those products to Florida.

3. Plaintiff seeks injunctive relief, an accounting and disgorgement of Defendants' profits, damages, and the other relief the Copyright Act allows. Plaintiff seeks preliminary relief by separate motions filed under paragraph 1 of the Omnibus Order.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claim arises under the Copyright Act.

5. This Court has personal jurisdiction over each Defendant under Florida's long-arm statute, section 48.193(1)(a)(1)-(2), Florida Statutes, and, in the alternative, section 48.193(1)(a)(6), and, as to each foreign Defendant, in the further alternative under Federal Rule of Civil Procedure 4(k)(2). The specific facts supporting jurisdiction over each Defendant are alleged in paragraphs 21 through 29 below and are set out Defendant by Defendant in the Per-Defendant Jurisdiction and Merits Chart attached as Exhibit 3 (the "Defendant Chart"), which is incorporated by reference.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(2), 1391(c)(3), and 1400(a). A substantial part of the events giving rise to Plaintiff's claim occurred in this District, including Defendants' sale and shipment of infringing products to purchasers in Florida, and each foreign Defendant may be sued in any district.

## THE PARTIES

7. Plaintiff is a limited liability company organized under the laws of the People's Republic of China. Plaintiff is the author or the owner by written assignment of each of the

copyrighted works at issue, and it is the current owner of the corresponding United States copyright registrations.

8. Defendants are the individuals, partnerships, and unincorporated associations identified on Schedule "A," which is filed under seal. Schedule "A" identifies each Defendant by storefront name, marketplace, and seller identifier, lists the accused listings attributed to it, and identifies the Work or Works each Defendant infringes. Part I of Schedule "A" reproduces the deposit copy of each Work, and Part III reproduces a screenshot of each accused listing.

9. According to the business information each Defendant has published on its Amazon.com seller profile or Walmart.com seller page, twenty-three Defendants are businesses located in mainland China, one is located in the Hong Kong SAR, and three Walmart sellers identify themselves by Chinese business names and +86 contact numbers. The business name and address each Defendant disclosed are identified in the Defendant Chart.

10. Joinder is proper under Federal Rule of Civil Procedure 20(a)(2). Plaintiff's claims against each Defendant arise from the sale, through the same two marketplaces and in the same product categories, of copies of the same ten Works. Questions of law and fact common to all Defendants will arise, including the validity and scope of each Work's copyright and the protectability of its separable features. The Defendants accused of copying the same Work sell products that reproduce the same particular expressive choices. At least one business entity operates storefronts on both marketplaces under different names.

**PLAINTIFF'S COPYRIGHTED WORKS**

11. Plaintiff creates original designs for inflatable costumes and inflatable games. The designs consist of sculptural and pictorial features, including the stylized form, pose, proportions, and coloring of each figure, the way each figure is combined with the wearer, and, for the two

games, the character artwork applied to the targets. Those features can be perceived as works of art separate from the useful articles into which they are incorporated and would qualify as protectable sculptural or pictorial works if imagined separately. *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405 (2017). Plaintiff does not claim copyright in the idea of an inflatable animal costume, in any real animal, or in the rules or method of any game.

12. Plaintiff owns the following valid United States copyright registrations (the "Works"):

| **Registration No.** | **Title of Work** | **Effective Date of Registration** | **Basis of Ownership** |
|---|---|---|---|
| VA 2-339-083 | Axolotl inflatable costume | February 1, 2023 | By assignment from the author |
| VAu 1-519-648 | Ride on Axolotl Inflatable Costume | December 13, 2023 | By assignment from the author |
| VA 2-394-855 | Capybara Inflatable Costume | March 5, 2024 | Work made for hire; Plaintiff is author and claimant |
| VAu 1-532-365 | Capybara Inflatable Costume | May 8, 2024 | Work made for hire; Plaintiff is author and claimant |
| VAu 1-531-662 | Turtle Inflatables Costume | June 20, 2024 | Work made for hire; Plaintiff is author and claimant |
| VA 2-420-715 | Inflatable Christmas Tree Ring Toss Game | September 5, 2024 | Work made for hire; Plaintiff is author and claimant |
| VA 2-433-922 | Funny Ride Capybara Inflatable Costume | December 19, 2024 | Work made for hire; Plaintiff is author and claimant |
| VA 2-433-936 | Couple Dachshund Inflatable Costumes | December 24, 2024 | Work made for hire; Plaintiff is author and claimant |
| VAu 1-545-436 | Octopus Hijack Inflatable Costume | December 25, 2024 | Work made for hire; Plaintiff is author and claimant |
| VA 2-492-475 | Inflatable Halloween Ring Toss Game | September 29, 2025 | Work made for hire; Plaintiff is author and claimant |

13. True and correct copies of the certificates of registration are attached as Composite Exhibit 1, and the deposit copy of each Work is reproduced in Part I of Schedule "A."

14. Plaintiff acquired two of the Works by written assignment. Guiping Zhang, the author of the work registered as VA 2-339-083, assigned to Plaintiff all right, title, and interest in that work, its copyright, and its registration, together with all accrued and future claims for infringement, by an assignment dated September 3, 2026. Shenzhen Anru Electronics Co., Ltd., the author of the work registered as VAu 1-519-648, a work made for hire, made the same assignment by an instrument dated September 3, 3026. True and correct copies of the assignments are attached as Composite Exhibit 2.

15. Each registration was made before or within five years after first publication of the Work, and each certificate is therefore prima facie evidence of the validity of the copyright and of the facts stated in it. 17 U.S.C. § 410(c).

16. Plaintiff sells products embodying the Works through Amazon.com, in the same product categories in which Defendants sell. Plaintiff has not licensed or otherwise authorized any Defendant to reproduce, distribute, display, or sell any product embodying the Works.

**DEFENDANTS' INFRINGING CONDUCT**

17. After Plaintiff created and registered the Works, each Defendant began offering and selling products that copy the protectable expression in one or more of them. For each Defendant, the Defendant Chart identifies the Work copied and the expressive features of that Work the accused product reproduces.

18. Each accused listing displays photographs of the accused product. Those photographs are reproductions of the copied expression, and each Defendant publicly displays them to consumers in Florida and throughout the United States.

19. Defendants' products are not Plaintiff's products, and Defendants are not authorized resellers of Plaintiff's products.

20. Plaintiff's costume sales are concentrated in the weeks before Halloween. Defendants sell their copies at lower prices during the same weeks. Plaintiff has seen reduced sales due at least in part to Defendant's infringing activity.

**PERSONAL JURISDICTION OVER EACH DEFENDANT**

21. Plaintiff verified the facts supporting jurisdiction over each Defendant individually. The results for each Defendant are set out in its row of the Defendant Chart.

22. On September 16, 2026, Plaintiff's counsel placed orders through Amazon.com and Walmart.com for products offered under the accused listings, for shipment to Tampa, Florida. The order for each Defendant, where one was placed, is identified in column 4 of the Defendant Chart.

23. On September 29, 2026, from a Tampa, Florida delivery address, Plaintiff's counsel loaded each accused listing under the accused seller's own merchant identifier and recorded whether the Defendant was offering the listing and whether the listing offered delivery to Florida. Those captures are reproduced in Part III of Schedule "A," and the results for each Defendant are stated in column 4 of the Defendant Chart.

24. Each Defendant identified in the Defendant Chart as a Tier 1 Defendant accepted an order for an accused product for shipment to Tampa, Florida, and thereby distributed an infringing copy in Florida. Each Tier 1 Defendant has committed a tortious act within Florida within the meaning of section 48.193(1)(a)(2).

25. Each Defendant identified as a Tier 2 Defendant operates a live accused listing that offers delivery to Florida and publicly displays reproductions of the copied Work to Florida consumers, and each has thereby committed a tortious act within Florida within the meaning of section 48.193(1)(a)(2). Where the Defendant Chart identifies a Florida order for a Tier 2 Defendant, the Chart also identifies what remains to be confirmed.

26. Each Defendant carries on a business venture in Florida within the meaning of section 48.193(1)(a)(1) by operating a commercial storefront through which it solicits and accepts orders from Florida purchasers, accepts their payment, and ships products to Florida addresses.

27. In the alternative, each Defendant is subject to jurisdiction under section 48.193(1)(a)(6), because its infringing products were shipped into and used in Florida in the ordinary course of commerce, and because it solicited Florida purchasers through its storefront at the time of the injury.

28. The exercise of jurisdiction over each Defendant comports with due process. Each Defendant purposefully directed its infringing sales at Florida, Plaintiff's claim arises out of those sales, and each Defendant should reasonably anticipate being haled into court here.

29. In the further alternative, each Defendant is subject to jurisdiction under Rule 4(k)(2). Plaintiff's claim arises under federal law; to Plaintiff's knowledge, no Defendant is subject to the general jurisdiction of the courts of any state; and each Defendant's sales to purchasers throughout the United States through United States marketplaces satisfy due process.

**COUNT I**

**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth here.

31. Plaintiff owns valid copyrights in the Works and holds the exclusive rights under 17 U.S.C. § 106 to reproduce the Works, to distribute copies of them, and to display them publicly.

32. Each Defendant infringed and continues to infringe Plaintiff's copyright in the Work or Works identified for it in the Defendant Chart by reproducing, publicly displaying, distributing, and selling, without authorization, products that copy the protectable expression in those Works. Each Defendant had access to the Works through Plaintiff's sale of products

embodying them in the same marketplaces, and each accused product is substantially similar to the Work it copies.

33. On information and belief, each Defendant's infringement was willful.

34. As a direct and proximate result of Defendants' infringement, Plaintiff has suffered damages, and each Defendant has earned profits attributable to the infringement.

35. Defendants' infringement has caused and, unless enjoined, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment for Plaintiff and against each Defendant, and grant the following relief:

A. A temporary restraining order and preliminary and permanent injunctions under 17 U.S.C. § 502 enjoining each Defendant, and all persons in active concert or participation with it who receive actual notice, from reproducing, publicly displaying, distributing, offering for sale, or selling any product that copies the protectable expression of the Works;

B. An order under 17 U.S.C. § 503 impounding, and at final judgment directing the destruction or other reasonable disposition of, the infringing articles in each Defendant's possession, custody, or control;

C. An equitable accounting of each Defendant's profits from the sale of infringing products, and an order directing Amazon.com, Inc. and Walmart Inc. to restrain the funds held in each Defendant's seller account pending that accounting;

D. An award of Plaintiff's actual damages and each Defendant's profits attributable to the infringement under 17 U.S.C. § 504(b) or, at Plaintiff's election before final judgment and as to any Work for which it is available, statutory damages under 17 U.S.C. § 504(c);

E. An award of costs and, as to any Work for which it is available, reasonable attorney's fees under 17 U.S.C. § 505;

F. Pre-judgment and post-judgment interest as allowed by law; and

G. Such other relief as the Court deems just.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 2, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*

**VERIFICATION**

I, Zanzan Zhou, am the general manager of Plaintiff and am authorized to make this verification on its behalf. I have read this Amended Verified Complaint. The factual allegations concerning Plaintiff, its Works, its ownership of the Works, and its business are true and correct based on my personal knowledge and on Plaintiff's business records. The factual allegations concerning Plaintiff's investigation of Defendants are true and correct based on my review of the investigation materials compiled by Plaintiff's counsel. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Zan Zan Zhou

Executed on October 2, 2026, in Shenzhen, People's Republic of China