**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-26668-CMA

| | |
|---|---|
| **SHENZHEN XINBENCHUANG ELECTRONICS CO., LTD.,** | ) |
| Plaintiff, | ) |
| v. | ) |
| THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | ) |
| Defendants. | |

**PLAINTIFF'S VERIFIED RESPONSE TO THE COURT'S OMNIBUS ORDER REGARDING SCHEDULE "A" CAUSES OF ACTION**

Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd. ("Plaintiff"), files this verified response to the Omnibus Order [ECF No. 8], entered September 29, 2026, and addresses each paragraph in turn.

## I. PARAGRAPH 1: THE REFILED MOTIONS

1. Plaintiff has refiled, as separate motions, its Ex Parte Motion for Entry of a Temporary Restraining Order, its Motion for a Preliminary Injunction, its Ex Parte Motion for Leave to Effect Service by Alternative Means, and its Ex Parte Motion for Leave to Serve Limited Expedited Discovery. None is combined with the Amended Verified Complaint or with any other motion.

2. The temporary restraining order and preliminary injunction motions each set out the steps Plaintiff took to verify personal jurisdiction over each Defendant, and each incorporates the Per-Defendant Jurisdiction and Merits Chart filed as Exhibit 3 to the Amended Verified

Complaint, which states those facts in one row per Defendant. The motions address sections 48.193(1)(a)(1)-(2) and 48.193(1)(a)(6), Florida Statutes, and Federal Rule of Civil Procedure 4(k)(2), and apply the four injunction factors to each Defendant. The temporary restraining order motion includes counsel's certification under Rule 65(b)(1)(B).

3. The alternative-service motion states the methods Plaintiff has undertaken to effect service and to verify each Defendant's address, and its Exhibit A states, for each Defendant, the proposed method of service, the Defendant's domicile, the efforts made to discover it, and whether the proposed method is permitted by the Hague Service Convention.

## II. PARAGRAPH 2: THE SEARCH FOR PRIOR SUITS

4. Before filing this response, counsel searched the federal court records for all districts for prior actions against any Defendant for violation of Plaintiff's intellectual property rights. Counsel searched the PACER Case Locator and the CourtListener RECAP archive for (a) Plaintiff's name; (b) the names of the two predecessors from which Plaintiff acquired the copyrights in two of the Works, Guiping Zhang and Shenzhen Anru Electronics Co., Ltd.; and (c) the storefront name and disclosed business name of each Defendant.

5. The search disclosed no prior action brought by Plaintiff in its own name against anyone.

6. The search disclosed two prior actions brought by Plaintiff's predecessors in interest concerning two of the Works. Because Plaintiff acquired those Works together with all accrued claims, Plaintiff treats both actions as responsive to paragraph 2.

(a) *Shenzhen Anru Electronics Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:25-cv-13429 (N.D. Ill.) (Jenkins, J.). The plaintiffs were Shenzhen Anru Electronics Co., Ltd. and Guiping Zhang. The action was filed on November

3, 2025, against one hundred defendants listed on a sealed Schedule "A." On November 12, 2025, the court dismissed defendants 2 through 100 without prejudice for misjoinder. On November 20, 2025, the plaintiffs voluntarily dismissed the action without prejudice, and the case was terminated on November 21, 2025. No temporary restraining order was entered.

(b) *Zhang v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:25-cv-15681 (N.D. Ill.) (Shah, J.). The plaintiff was Guiping Zhang, and the asserted work was the axolotl costume registered as VA 2-339-083, one of the Works in this action. The action was filed on December 29, 2025, and an amended complaint was filed on January 22, 2026. The court entered a sealed temporary restraining order on January 26, 2026; the plaintiff posted a $25,000 bond on February 2, 2026; and the order was extended to February 23, 2026. The plaintiff voluntarily dismissed the action without prejudice on February 22, 2026, the case was terminated on February 24, 2026, and the bond was released on March 26, 2026. The Schedule "A" in that action is sealed.

7. Status and overlap. Neither action is pending. The public dockets do not show whether any Defendant here was a defendant in either action.

8. Settlements and enforcement. The public dockets do not show whether either action was resolved by settlement with any defendant.

9. In the interest of completeness, the storefront-name search also returned *Spin Master Ltd. v. InnoWis*, No. 24-1625 (7th Cir.), and the underlying action in the Northern District of Illinois, in which a seller using the name "InnoWis" was a defendant. That action concerned a third party's trademark, not Plaintiff's intellectual property. The search returned no other action involving a Defendant.

## III. PARAGRAPH 3: SEALING AND PSEUDONYM

10. Plaintiff has withdrawn its request to proceed under a pseudonym and has filed its Amended Verified Complaint in its own name. Plaintiff's renewed motion to seal, limited to Schedule "A" and the exhibits that identify Defendants, is filed after this response and after the motions described in Section I.

## IV. PARAGRAPH 4: AMENDED COMPLAINT

11. Plaintiff has filed an Amended Verified Complaint that names Plaintiff, alleges personal jurisdiction over each Defendant under sections 48.193(1)(a)(1)-(2) and 48.193(1)(a)(6) and, in the alternative, Rule 4(k)(2), and incorporates the Per-Defendant Jurisdiction and Merits Chart. [ECF No. 9].

Date: October 2, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

Counsel for Plaintiff

**VERIFICATION**

I, Cole Carlson, am counsel of record for Plaintiff. I conducted or directly supervised the searches described in Section II, and I have personal knowledge of their results. I declare under penalty of perjury under the laws of the United States of America that the statements in this Verified Response are true and correct.

/s/ Cole Carlson
Cole Carlson
Date: October 2, 2026