**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26668-CIV-ALTONAGA/Reid**

**SHENZHEN XINBENCHUANG ELECTRONICS CO. LTD.**,

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE "A,"**

Defendants.
_______________________________________/

**ORDER**

**THIS CAUSE** came before the Court upon Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order . . . [ECF No. 11], filed on October 2, 2026. Plaintiff seeks relief against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule A. (*See generally* Am. Verified Compl. [ECF No. 9]). The Court has reviewed the Amended Verified Complaint, the Motion, the record, and applicable law. For the following reasons, the Motion is granted.

## I. BACKGROUND

Plaintiff is a limited liability company organized under the laws of the People's Republic of China and the owner of ten United States copyright registrations for its inflatable costume and inflatable game designs (the "Works"). (*See* Am. Verified Compl. ¶¶ 1, 7, 11–14; *see generally id.*, Comp. Ex. 1, Copyright Registrations [ECF No. 9-1]).

The Works are registered as VA 2-339-083 ("Axolotl inflatable costume"); VAu 1-519-648 ("Ride on Axolotl Inflatable Costume"); VA 2-394-855 and VAu 1-532-365 ("Capybara

Inflatable Costume"); VAu 1-531-662 ("Turtle Inflatables Costume"); VA 2-420-715 ("Inflatable Christmas Tree Ring Toss Game"); VA 2-433-922 ("Funny Ride Capybara Inflatable Costume"); VA 2-433-936 ("Couple Dachshund Inflatable Costumes"); VAu 1-545-436 ("Octopus Hijack Inflatable Costume"); and VA 2-492-475 ("Inflatable Halloween Ring Toss Game"). (*See* Am. Verified Compl. ¶ 12; *see generally* Copyright Registrations).

Plaintiff owns eight of the Works as works made for hire and acquired the other two by written assignments conveying accrued infringement claims. (*See* Am. Verified Compl. ¶¶ 12, 14; *see also id.*, Comp. Ex. 2, Copyright Assignments [ECF No. 9-2] 3–5, 7–9).[1] Plaintiff asserts its designs consist of "sculptural and pictorial features," rather than the idea of an inflatable animal costume or the rules or method of any game. (Am. Verified Compl. ¶ 11).

Plaintiff alleges that each Defendant, through its storefront on Amazon.com or Walmart.com, has "reproduced, publicly displayed, distributed, and sold products" copying the protectable expression in one or more of the Works. (*Id.* ¶ 2; *see also id.* ¶¶ 8, 17–18, 32). Counsel placed test orders for delivery to Tampa, Florida on September 16, 2026, and captured accused listings from a Tampa delivery address on September 29, 2026. (*See id.* ¶¶ 22–23; *see also* Mot., Decl. of Cole Carlson . . . ("Carlson Decl.") [ECF No. 11-2] ¶¶ 2–8). Plaintiff alleges Tier 1 Defendants accepted orders for accused products for shipment to Tampa. (*See* Am. Verified Compl. ¶ 24). As for Tier 2 Defendants, according to Plaintiff, they operated live listings offering delivery to Florida and publicly displaying reproductions of the Works. (*See id.* ¶ 25).[2]

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] Plaintiff identifies matters requiring further confirmation in the Per-Defendant Jurisdiction and Merits Chart [ECF No. 9-3].

Defendants are not now, nor have they ever been, authorized or licensed to reproduce, distribute, display, or sell products embodying the Works, and no Defendant is an authorized reseller of Plaintiff's products. (*See* Am. Verified Compl. ¶¶ 16, 19; *see also* Mot., Decl. of Zanzan Zhou . . . ("Zhou Decl.") [ECF No. 11-1] ¶ 8).

## II. LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate (1) "a substantial likelihood of success on the merits"; (2) "that irreparable injury will be suffered if the relief is not granted"; (3) "that the threatened injury outweighs the harm the relief would inflict on the nonmovant"; and (4) "that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citations omitted). Additionally, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (footnote call number omitted).

## III. DISCUSSION

The Amended Verified Complaint and the declarations Plaintiff has submitted in support of its Motion — the Declarations of Zanzan Zhou and Cole Carlson — provide a sufficient evidentiary basis for the following conclusions:

At this preliminary stage, Plaintiff has made a prima facie showing of personal jurisdiction over each Defendant based on the Florida-directed conduct alleged in the Amended Verified Complaint. (*See* Am. Verified Compl. ¶¶ 21–29). Moreover, Plaintiff has a substantial likelihood of proving that it owns valid copyrights in the Works and that each Defendant has reproduced, distributed, or publicly displayed protectable expression from one or more of the Works without authorization. (*See id.* ¶¶ 11–19, 31–32; *see generally* Copyright Registrations; Copyright Assignments; *see also* Mot. 6–7).

Plaintiff faces immediate and irreparable harm from Defendants' infringement if a temporary restraining order is not issued. "Plaintiff's costume sales are concentrated in the weeks before Halloween[,] and Defendants sell competing copies "at lower prices during the same weeks." (Am. Verified Compl. ¶ 20 (alteration added); *see also* Zhou Decl. ¶¶ 5–7). In 2025, approximately 55–60 percent of Plaintiff's annual United States sales of products embodying the Works occurred between September 1 and October 31, 2026, and Plaintiff has observed a decline in orders — from 24 to 13 orders per day — over comparable periods. (*See* Zhou Decl. ¶¶ 5–6). The resulting loss of seasonal opportunities and marketplace position cannot be adequately repaired by a later damages award. (*See* Mot. 8).

Further, there is good cause to believe that Defendants may remove or change listings and withdraw marketplace funds before Plaintiff can obtain meaningful relief. Eight Amazon listings identified during counsel's investigation no longer resolved to a product page by September 29,

2026, one of which "is a logged listing of Defendant 18." (Carlson Decl. ¶ 9). Third-party services track and republish new marketplace-enforcement filings, and sellers can withdraw account funds or rename listings before a restraint is served. (*See* Renewed Mot. for Leave to File . . . , Decl. of Cole Carlson [ECF No. 14-1] ¶¶ 3–6). Counsel has certified that no notice was given and explained why advance notice would allow Defendants to withdraw the very funds subject to the requested restraint. (*See* Mot. 10–11). These circumstances warrant relief without notice under Rule 65(b)(1).

The balance of potential harm to Defendants in restraining their trade in infringing products is far outweighed by the potential harm to Plaintiff if relief is not issued during its principal selling season. Lastly, the public interest favors enforcement of valid copyrights and preservation of meaningful relief. (*See* Mot. 8). For these reasons, the Court finds the Rule 65(b)(1) factors support entry of a temporary restraining order.

## IV. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd.'s *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Limited Restraint of Marketplace Account Funds . . . **[ECF No. 11]** is **GRANTED** under the terms set forth below:

1. Each Defendant, its officers, agents, servants, and employees, and all persons in active concert or participation with any of them who receive actual notice of this Order, are temporarily restrained from:

   a. reproducing, distributing, publicly displaying, offering for sale, or selling any product that copies the protectable expression of the Work or Works identified

for that Defendant in the Defendant Chart, including the products offered under the listings identified for that Defendant on Schedule A; and

b. withdrawing or transferring funds held in the marketplace seller accounts associated with their seller identifiers on Schedule A, up to the account balances at the time of restraint, until further order of the Court.

2. Upon receipt of this Order, Amazon.com, Inc. and Walmart Inc. shall:

a. locate the marketplace seller accounts associated with Defendants' seller identifiers on Schedule A;

b. disable or suspend the listings identified on Schedule A for each Defendant;

c. restrain the funds held in those accounts, up to the account balances at the time of restraint; and

d. prevent withdrawal or transfer of those funds until further order of the Court.

e. This Order does not restrain any other assets of Defendants.

3. Any Defendant subject to this Order may appear and move to dissolve or modify it under Federal Rule of Civil Procedure 65(b)(4), including on the ground that particular restrained funds are not attributable to sales of the accused products.

4. Defendants shall preserve all records relating to their marketplace accounts, the accused listings, and sales of the accused products.

5. Under Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of **$5,000.00** before this Order takes effect, as security for costs and damages sustained by any Defendant found to have been wrongfully enjoined or restrained. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

6. Plaintiff shall serve this Order, the Amended Verified Complaint, the Motion, and supporting papers on each Defendant by means authorized by the Court. Plaintiff shall serve this Order on Amazon.com, Inc. and Walmart Inc. by email or overnight delivery.

7. This Order expires on **October 15, 2026**, at **5:00 p.m.**, unless extended for good cause or by consent as permitted by Federal Rule of Civil Procedure 65(b)(2).

8. This Order shall not be filed under seal.

**DONE AND ORDERED** in Miami, Florida, this 6th day of October, 2026.

Cecilia M. Altonaga

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**