**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26668-CIV-ALTONAGA/Reid**

**SHENZHEN XINBENCHUANG ELECTRONICS CO., LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE "A,"**

Defendants.
_______________________________________/

**PLAINTIFF'S RENEWED EXPEDITED EX PARTE MOTION FOR LEAVE TO EFFECT SERVICE OF PROCESS BY ALTERNATIVE MEANS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd. ("Plaintiff"), renews its motion for leave to serve the Defendants identified on Schedule A by the means described below. The Court denied the original motion [ECF No. 18] because the Per-Defendant Service Chart it relied on was not filed. [ECF No. 22]. That chart is now lodged under seal as Exhibit A (the "Service Chart"), as the Court's October 7, 2026 Order permits. [ECF No. 20 ¶ 2]; [ECF No. 26]. The Service Chart sets out, for each Defendant, the four items paragraph 1(e) of the Omnibus Order [ECF No. 8] requires. This motion is supported by the Declaration of Cole Carlson Regarding Investigation [ECF No. 11-2] and the Supplemental Declaration of Cole Carlson Regarding Service ("Supp. Carlson Decl.").

Plaintiff asks for a ruling by October 15, 2026, for the reason stated in Part VI.

## I. A CORRECTION TO THE ORIGINAL MOTION

1. The original motion stated that Plaintiff's registry searches showed that none of the businesses matched the addresses the Defendants disclosed on Amazon. [ECF No. 18 ¶ 3]. That statement was inaccurate. As of October 6, Plaintiff had searched the registry for only some of the Defendants, and the registered address of Defendant 1 matches the address it disclosed to Amazon. Plaintiff withdraws the statement and replaces it with the Defendant-by-Defendant results in the Service Chart. For the reasons in Part IV.B, Plaintiff does not seek email service on any Defendant whose address it has verified.

## II. THE DEFENDANTS AND THEIR DISCLOSED ADDRESSES

2. Twenty-four Defendants sell on Amazon.com and three sell on Walmart.com. Each Amazon Defendant publishes a business name and address in the "Detailed Seller Information" section of its seller profile. Counsel recorded that information for every Amazon Defendant on September 30, 2026. Twenty-three disclose an address in mainland China and one, Defendant 20, discloses an address in the Hong Kong SAR. The three Walmart Defendants display a Chinese business name and a +86 telephone number, but no street address. (Carlson Inv. Decl. ¶ 10; Service Chart cols. 3-4).

## III. WHAT PLAINTIFF HAS DONE TO VERIFY EACH ADDRESS

3. Paragraph 1(e) of the Omnibus Order requires evidence of the efforts Plaintiff made to determine whether the address it has for each Defendant is actually associated with that Defendant. (Omnibus Order ¶ 1(e) (citing *Zuru (Singapore) Pte., Ltd. v. Individuals Identified on Schedule A Hereto*, No. 22-2483-Civ, 2022 WL 14872617, at *2 (S.D.N.Y. Oct. 26, 2022))). Plaintiff took the following steps. The result of each step for each Defendant appears in column 5 of the Service Chart and is supported by the Supplemental Carlson Declaration.

4. *Marketplace disclosures.* Counsel captured the business name and address each Defendant disclosed to its marketplace on September 30, 2026. (Carlson Inv. Decl. ¶ 10).

5. *Business registry searches.* Plaintiff searched each disclosed business name in the business registry of the jurisdiction the Defendant claims. For mainland China, counsel used QCC, a public record searching service, for Defendants 1-19 and 21-24. For Defendant 20, counsel searched the Hong Kong Companies Registry. The results of these searches are summarized in sealed Exhibit A.

## IV. THE PROPOSED METHOD OF SERVICE FOR EACH DEFENDANT

### A. Rule 4(f)(3) and the Hague Service Convention

8. Rule 4(f)(3) permits service on a foreign individual or entity "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see* Fed. R. Civ. P. 4(h)(2). Court-directed service under Rule 4(f)(3) "is neither a 'last resort' nor 'extraordinary relief.'" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (citation omitted). The method must be reasonably calculated, under all the circumstances, to give the defendant notice of the action and an opportunity to respond. *Id.* at 1016-17 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

9. Where the Hague Service Convention applies, compliance with it "is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The Convention does not apply, however, "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. Before treating an address as not known, courts require reasonably diligent efforts to find and verify it. *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, No. 25-2205, slip op. at 9 (7th Cir. May 29, 2026).

10. China has objected to service by the methods in Article 10 of the Convention. Two circuits have now held that, as a result, the Convention does not permit service by email on a defendant in mainland China when the Convention applies. *Kangol*, slip op. at 13-14; *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025). Plaintiff is not aware of an Eleventh Circuit decision on the question, and it does not ask this Court to depart from those decisions. Its proposal follows the line they draw.

**B. Defendants whose addresses are verified: Hague Central Authority**

11. For each Defendant whose disclosed address Plaintiff has verified, the address is known, the Convention applies, and Plaintiff will serve through China's Central Authority under Articles 3 through 6. Only Defendant 1 could be verified. Plaintiff does not seek email service on them.

12. Plaintiff asks only that it be permitted to email these Defendants, at the address associated with their marketplace accounts, copies of the TRO, any order extending it, and notice of any preliminary injunction hearing, while the Central Authority request is pending. That email is notice, not service. A restraining order binds the parties "who receive actual notice of it by personal service or otherwise." Fed. R. Civ. P. 65(d)(2). Plaintiff recognizes that the Court may decline to enter a preliminary injunction against a Defendant that has not been served. (*See* ECF No. 15).

**C. Defendants whose addresses are not known: email and website posting**

13. For each Defendant whose disclosed address Plaintiff could not verify after the steps described in Part III (i.e. the remaining Defendants other than Defendant 1 and 20 (see below)), the address is not known within the meaning of Article 1, the Convention does not apply, and Rule 4(f)(3) permits service by a method the Court directs. For each, the record shows the

registry lists no company of that name, the address is a centralized registration address, or the disclosed name matches multiple entities.

14. Plaintiff asks leave to serve each of these Defendants by email to the address associated with its Amazon or Walmart seller account, as produced by the marketplace under the October 7 Order, with a link to a website on which the summons, the Amended Verified Complaint, the TRO, and all other filings and orders are posted. Every Defendant conducts its business through its marketplace account. The marketplaces communicate with sellers by email to that address about orders, payments, and policy matters. Email to that address is the channel most likely to reach each Defendant. *See Rio Props.*, 284 F.3d at 1017.

**D. The Hong Kong Defendant**

15. The Convention applies in the Hong Kong SAR. China's Article 10 objection does not extend to postal service in Hong Kong, and service by postal channels there is permitted under Article 10(a). Service by mail under the Convention is proper where the receiving state has not objected and the method is authorized by otherwise-applicable law. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Plaintiff asks the Court to direct, under Rule 4(f)(3), service on Defendant 20 by international courier requiring a signed receipt to its disclosed Kowloon address, and to permit Plaintiff to send the same documents by email to Defendant 20's account address as notice.

**E. The Walmart Defendants**

16. Walmart displays no street address for Defendants 25 through 27. As such, Plaintiff requests service by email on these Defendants once such information is furnished by Walmart.

## V. PROOF OF SERVICE

17. Plaintiff will file, within two business days after completing service under any order the Court enters, proof of service identifying for each Defendant the method used, the date, and the email or physical address to which service was directed.

## VI. DATE BY WHICH A RULING IS NEEDED

18. Under Local Rule 7.1(d)(2), Plaintiff requests a ruling by October 15, 2026. The TRO expires that day unless extended, and Plaintiff has moved to extend it so that a preliminary injunction hearing can be held after service. [ECF No. 24]. Each day without an order authorizing service is a day subtracted from the time Defendants will have to respond before that hearing.

## VII. CONCLUSION

Plaintiff respectfully requests that the Court authorize service on each Defendant by the method stated for it in the Service Chart and in Part IV, and enter the accompanying proposed order.

## CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)

This motion is properly filed ex parte, and no Defendant has appeared, so no conferral is required. S.D. Fla. L.R. 7.1(a)(3).

Date: October 13, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 13, 2026, I filed this motion with the Clerk of Court using CM/ECF. Because the motion is submitted ex parte and no Defendant has appeared or been served, it has not been served on any Defendant. Plaintiff will serve this motion, together with any order entered on it, by the method the Court authorizes.

/s/ Cole Carlson
Cole Carlson