**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26668-CIV-ALTONAGA/Reid**

**SHENZHEN XINBENCHUANG**

**ELECTRONICS CO. LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS**

**AND UNINCORPORATED ASSOCIATIONS**

**LISTED ON SCHEDULE A,**

Defendants.

**EXPEDITED MOTION OF DEFENDANTS RYSOTOWY, GEQILE, AND INFLAJOY STORE (Nos. 6, 14, 26) TO DISSOLVE THE TEMPORARY RESTRAINING ORDER [ECF No. 29] OR, IF EXPIRED, TO CONFIRM TERMINATION OF ALL RESTRAINTS**

*Ruling requested as soon as practicable and no later than October 21, 2026*

Defendants Rysotowy (No. 6), Geqile (No. 14), InflaJoy Store (No. 26)[1] (collectively, "Movants"), expressly objecting to personal jurisdiction, process, and service of process, move under Rule 65(b)(4) to dissolve completely the October 6, 2026 Temporary Restraining Order (TRO), ECF No. 29, as to them, including any extension or continuation. If the TRO has already expired without a valid extension, Movants request confirmation that no restraint under that order remains effective. In either event, the Court should direct Plaintiff to serve the resulting order promptly on Amazon and Walmart, copying defense counsel, so that the platforms release the frozen funds and remove the listing restrictions imposed in this action.

---

[1] Geqile and InflaJoy Store are registered under the same business entity. Geqile sells on Amazon, and InflaJoy Store sells on Walmart.

Plaintiff now attributes Rysotowy's ASIN B0F6CSLPRZ and InflaJoy Store's Walmart listing[2] solely to VAu 1-532-365, and Geqile's ASIN B0FB92M8BH solely to VA 2-433-922. The sealed materials make the weakness of those two distinct theories apparent. Each accused design differs materially from the corresponding deposit in the expressive choices that matter—including silhouette, proportions, facial treatment, pose, appendages, ornamentation, color blocking, and overall arrangement—while the shared stock features of a stylized capybara were established publicly before Plaintiff's claimed 2024 creation dates. Plaintiff also has not shown imminent, noncompensable injury caused by these three storefronts. Complete dissolution is warranted without discovery.

**Expedited consideration and expiration**

Paragraph 2 of the extended TRO fixes expiration at October 22, 2026, at 5:00 p.m. ET. ECF No. 29 at 7. Rule 65(b)(2) permits an extension only if the Court, before expiration, finds good cause and enters the reasons in the record, or the restrained party consents. Movants do not consent. A pending application, this motion, or a platform's continued implementation does not extend the TRO. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439–40 (1974). If no timely, valid extension was entered, the Court should confirm that ECF Nos. 17 and 29 no longer authorize any restraint and require Plaintiff immediately to notify Amazon and Walmart. If an extension or continuation has been entered or requested, Movants challenge it on the grounds below. A preliminary injunction likewise cannot issue without notice. Fed. R. Civ. P. 65(a)(1); ECF No. 15 (denying Plaintiff's preliminary-injunction motion for lack of notice). At the time of this motion, Plaintiff's counsel has not provided the undersigned counsel with access to all the sealed materials, including ECF Nos. 9-3, 9-4.

Under Local Rule 7.1(d)(2), Movants request a ruling as soon as practicable and no later than October 21, 2026. These are seasonal Halloween products. Even an October 21 ruling leaves only ten days for the platforms to implement relief and customers to order and receive costumes before October 31. Each additional day of deactivation consumes an irreplaceable part

[2] Though at the time of this motion, Plaintiff's counsel has not yet expressly confirmed the registration being asserted against InflaJoy Store, InflaJoy Store sells the same accused product as Rysotowy.

of the products' principal selling season. The requested outside decision date does not provide a basis to continue an expired or unsupported restraint.

Counsel gave Plaintiff notice as to Rysotowy and Geqile by email on October 14, 2026, at 8:40 a.m. ET, and as to InflaJoy Store on October 15, 2026, at 6:06 a.m. ET. Movants request shorter notice under Rule 65(b)(4) to the extent necessary for earlier relief; otherwise, they request decision promptly after the two-day notice period. **If a response is necessary, Movants propose October 19 at 11:59 p.m. ET for Plaintiff's response, and October 20 at 1:00 p.m. ET for any reply**, subject to any earlier schedule set by the Court.

**Legal standard**

A party restrained without notice may move to dissolve or modify an ex parte TRO on two days' notice, or shorter notice set by the Court, and the Court must hear and decide the motion "as promptly as justice requires." Fed. R. Civ. P. 65(b)(4). The standard for a TRO is the same as for a preliminary injunction. *United States v. Metro. Dade County, Fla.*, 815 F. Supp. 1475, 1477 (S.D. Fla. 1993). Plaintiff bears the burden on likelihood of success, likely irreparable injury, the balance of harms, and the public interest; failure on any required factor defeats relief. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 24 (2008); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

**Argument**

**I. Plaintiff cannot show likely infringement of protected expression**

Plaintiff's clarified theory requires two separate comparisons: Rysotowy's B0F6CSLPRZ and InflaJoy Store's corresponding product against VAu 1-532-365, and Geqile's B0FB92M8BH against VA 2-433-922. Plaintiff may not use a feature from one deposit to fill a gap in the other, or use generalized resemblance to a "capybara costume" to avoid proving likely infringement by each Movant of the particular work asserted against that Movant.

**A. Eleventh Circuit law requires comparison of protected expression, not a common animal concept**

Copyright infringement requires ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Telephone*

*Service Co.*, 499 U.S. 340, 361 (1991). Even assuming ownership, registration validity, and access for this motion, the comparison remains confined to protected expression. *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1315–18 (11th Cir. 2010). Noninfringement may be resolved as a matter of law when the asserted similarities concern only unprotectable matter or no reasonable jury, properly instructed, could find substantial similarity. *Id.* at 1314-15; *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008). To show substantial similarity, the plaintiff must establish that "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982); *Herzog v. Castle Rock Ent.*, 193 F.3d 1241, 1248-49 (11th Cir. 1999). The protection afforded by copyright extends only to the particular expression of an idea and never to the idea itself. In an action for infringement, it must be determined both whether the similarities between the works are substantial from the point of view of the lay reader and whether those similarities involve copyrightable material. *Herzog*, 193 F.3d at 1248-49.

*Baby Buddies* is especially instructive. The defendant conceded validity and access, yet the Eleventh Circuit affirmed noninfringement of a bear-themed useful article because a teddy bear's anatomy and familiar conventions were not protectable, and the works expressed the face, muzzle, paws, proportions, pose, detail, and overall aesthetic differently. 611 F.3d at 1315–20. The court cautioned that comparison at the level of general "mood" or an amorphous combination risks extending copyright to unoriginal matter. *Id.* at 1316.

The same rule applies here: Plaintiff may protect its particularized rendition or original selection and arrangement, but not the capybara's anatomy, the idea of an inflatable capybara costume, or stock choices dictated by making a person resemble—or appear to ride—an animal. Plaintiff itself acknowledges that it does not claim copyright in "the idea of an inflatable animal costume" or "any real animal." ECF No. 9 ¶ 11. See 17 U.S.C. § 102(b); *Oravec*, 527 F.3d at 1224–25, 1227.

**B. The registrations and pre-2024 record confine Plaintiff to a narrow, particularized expression**

The certificates confirm that narrow inquiry. For VAu 1-532-365, the Copyright Office stated that registration "does not extend to any useful article depicted" and "extends to deposited

artwork only." ECF No. 9-1 at 9. VA 2-433-922 identifies only pictorial, graphic, and sculptural features that are separately identifiable from and capable of existing independently of the costume's utilitarian aspects. *Id.* at 16; see *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 420–23 (2017). The registration titles and § 410(c) presumption do not expand either claim to every depiction of a capybara or establish that any similarity is protected or infringing.

The dated public references make the filtration concrete. The October 7, 2022 Youtooz capybara with fruit balanced on its head, the November 28, 2023 Kawaiies capybara illustration and soft toy, and the additional pre-2024 examples collected in Exhibits A–I to Exhibit 2 at 5–16 predate Plaintiff's claimed 2024 works. They show the established visual vocabulary: a rounded orange or brown body, small rounded ears and eyes, a blunt muzzle, abbreviated limbs, a simplified cartoon face, and head-top fruit or foliage. Those references are not offered to impose a patent-law novelty requirement. They show that these shared conventions were not Plaintiff's contribution and cannot support an inference of copying. Plaintiff's protectable scope, if any, lies only in its own precise treatment and combination of those features. See *Baby Buddies*, 611 F.3d at 1316–20.

**C. Rysotowy's and InflaJoy Store's design does not copy the protected expression in VAu 1-532-365**

Rysotowy's and InflaJoy Store's accused product has an exaggerated, nearly spherical orange body; a broad dark-brown oval facial field placed high on the figure; tiny circular eyes; a dark projecting oval muzzle and curved mouth; very short lateral arms; dark mitten- and boot-like extremities; and a conspicuous orange-and-green ornament on the crown. Movants have prepared both a public and a sealed version of the side-by-side comparison. The public comparison is filed as Exhibit 1. Because the sealed version incorporates Plaintiff's sealed deposit materials, Movants are separately moving for leave to file that version under seal as Exhibit 1-S. The sealed comparison further illustrates the lack of substantial similarity. **But if the Court determines that the present record, including the public comparison, is sufficient to resolve this Motion, Movants respectfully request that the Court rule without awaiting disposition of the motion to seal or the filing of Exhibit 1-S.** The deposit and accused design differ in the figure's silhouette and head-to-body ratio, face and muzzle geometry, placement and shape of the limbs and extremities, color blocking, crown treatment, and relationship between the

wearer opening, the animal figure, etc. These are not minor add-ons to the same expression; they are the particularized expressive choices that *Baby Buddies* requires the Court to compare.

After filtering the unprotectable residue—an upright, rounded, tan/orange capybara with small ears, eyes, muzzle, and short limbs—there is no substantial similarity of protected expression. The shared subject and basic anatomy are no more protectable here than the rounded ears, eyes, nose, mouth, torso, and paws shared by the teddy bears in *Baby Buddies*. 611 F.3d at 1318–19.

**D. Geqile's design does not copy the protected expression in VA 2-433-922**

Geqile's accused design is a ride-on comic tableau. It combines a visible rider with curved camouflage-patterned faux legs and white shoes; an orange capybara posed on a bicycle; a small tree on the animal's head; slanted tiny eyes; an eight-shaped nose; a half-moon mouth; anthropomorphized forelegs; and thick, short hind legs. The public comparison filed as Exhibit 1 shows substantial differences in the accused design's overall appearance, and the sealed comparison Movants seek leave to file as Exhibit 1-S further shows that the accused design executes the ride-on idea materially differently from the VA 2-433-922 deposit, including and not limited to, the rider-animal configuration, overall silhouette and proportions, pose, facial geometry, limb and foot treatment, clothing and color scheme, ornamentation, and cumulative visual impression.

Even if both works employ the premise of a person riding a capybara, the premise is an idea, not protectable expression. Nor may Plaintiff isolate generic items—rider, capybara, faux legs, or a comic pose—and aggregate them at a high level of abstraction. The question is whether the accused work appropriates Plaintiff's particular expression or original arrangement. *Oravec*, 527 F.3d at 1224–25, 1227. The public comparison filed as Exhibit 1 shows materially different expressive choices, and the sealed comparison Movants seek leave to file as Exhibit 1-S further illustrates that the accused work does not appropriate Plaintiff's particular expression or original arrangement. See also *Home Design Services, Inc. v. Turner Heritage Homes Inc.*, 825 F.3d 1314, 1321–24 (11th Cir. 2016) (similarities in common elements do not establish infringement where the protected arrangement and details differ).

**E. The independent design record corroborates distinction and good-faith sourcing**

Exhibit N to Exhibit 2 (pp. 18–20) is a Chinese copyright registration dated September 20, 2024 for a design corresponding closely to the accused product. The claimant, Foshan Longman Culture Development Co. Ltd., owns U.S. Design Patent D1,083,299 and licensed the work and design to Movants. The Chinese certificate is not offered as a determination of U.S. copyright scope, and the patent—filed April 16, 2025 and issued July 15, 2025—is not offered as a pre-2024 publication or as a license to infringe. Rather, the certificate and patent drawings document a consistent third-party design source and provide objective comparison material.

D1,083,299 is presumptively valid, 35 U.S.C. § 282(a), and the Patent Office listed it during examination of Plaintiff's D1,141,296 and D1,130,958. That history does not decide copyright substantial similarity. It is nevertheless consistent with the existence of distinguishable ornamental executions within the common capybara theme. Considered with the sealed comparisons and the narrow scope left after filtration, the record does not support a substantial likelihood that any Movant copied protected expression from the registration asserted against it.

**II. Plaintiff has not shown irreparable harm attributable to these Movants**

**A. The long-public sales record undermines emergency relief**

Verified-purchase reviews for ASINs B0F6CSLPRZ and B0FB92M8BH show sales of products corresponding to the accused designs by August 2025. See Exhibit O to Exhibit 2 (p. 21); Exhibit P to Exhibit 2 (p. 22). Rysotowy and InflaJoy Store offer the same accused product. Thus, the products were sold publicly for more than a year and through the 2025 Halloween season before Plaintiff sought an ex parte TRO in October 2026.

An unexplained five-month delay fatally undercut irreparable harm in *Wreal, LLC v. Amazon.com, Inc.*, and the Eleventh Circuit explained that even a delay of a few months weighs against emergency relief. 840 F.3d 1244, 1248–49 (11th Cir. 2016). The review dates do not, standing alone, prove when Plaintiff acquired actual knowledge. But Plaintiff bears the burden, and the ex parte record supplies no listing-specific discovery date, no explanation for the long period of public sales, and no recent change creating a new emergency. Evidence of September 2026 investigative purchases does not answer those questions. ECF No. 17 at 2, 4.

**B. Aggregate allegations do not establish an imminent injury caused by these Movants**

The TRO credits an overall decline in Plaintiff's orders from 24 to 13 per day and the concentration of Plaintiff's business before Halloween. ECF No. 17 at 4. Those aggregate figures span numerous sellers and ten asserted works. They do not identify capybara-specific losses, allocate any loss to VAu 1-532-365 or VA 2-433-922, or explain how these three storefronts caused the decline. A threatened injury must be actual and imminent, not conjectural. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). Plaintiff's evidence supplies no Defendant-specific causal link.

The causal-nexus reasoning of *Apple Inc. v. Samsung Electronics Co.*, 695 F.3d 1370, 1374–76 (Fed. Cir. 2012), is persuasive by analogy: the claimed irreparable harm must flow from the alleged infringement, not merely from lawful competition. The inquiry is flexible and infringement need not be the sole cause, but Plaintiff must connect the threatened injury to the protected features allegedly copied. *Apple Inc. v. Samsung Electronics Co.*, 809 F.3d 633, 639–42 (Fed. Cir. 2015). The materially different designs, preexisting visual vocabulary, and established listings make that missing connection decisive.

**C. The asserted losses are measurable and compensable**

Lower prices, lost orders, and any price erosion are measurable through prices, unit sales, margins, and the period of any proven infringement. Economic loss alone ordinarily does not establish irreparable injury. *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 970 (11th Cir. 2005). Plaintiff identifies no customer relationship, reputational injury, or lasting market displacement specifically threatened by these Movants that cannot be calculated and remedied with money. Seasonality makes the market commercially important; it does not excuse proof of irreparability and causation.

**III. The balance of harms and public interest favor complete dissolution**

The harm to Movants is immediate and concrete. The platforms have disabled the accused listings during the peak Halloween period, and Amazon has frozen operating balances that include proceeds from unrelated products. Every lost day consumes part of the finite period in which customers need a Halloween costume; a post-season award cannot restore the opportunity to compete now. By contrast, Plaintiff has not tied these materially different designs

to any noncompensable injury. Its alleged sales and price effects are measurable. The public interest protects original expression, but also lawful competition in familiar subject matter and prompt adversarial review of ex parte restraints.

The independent design documentation and licenses further show that Movants are sellers operating from an identified product source, not parties shown to have copied Plaintiff's deposits. Although good faith is not a substitute for the infringement analysis, it reinforces the inequity of preserving a peak-season restraint on this record. All four Rule 65 factors therefore favor complete dissolution.

If the Court nevertheless retains any asset restraint, it should be narrowly limited. A restraint serving only to secure an unliquidated money claim exceeds the equitable authority described in *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). Complete dissolution remains the requested relief; at an absolute minimum, the Court should release Geqile's, Rysotowy's, and InflaJoy Store's documented unrelated funds without delaying the primary ruling.

**Procedural reservations**

Movants expressly preserve objections under Rules 12(b)(2), (4), and (5), including their Hague Service Convention objections, and all other available defenses. Their business addresses are published on their seller profiles; the Complaint acknowledges the availability of such addresses. Undersigned counsel is not authorized to accept original process. This limited Rule 65 application seeks relief from restraints, not a merits judgment or dismissal, and does not waive any defense. Movants will timely assert their defenses under Rules 12(g) and 12(h).

**Requested relief**

Movants request that the Court dissolve ECF No. 29 and any extension or continuation completely as to them. If the TRO expired without a timely, valid extension, Movants request confirmation that no restraint under ECF Nos. 17 or 29 remains effective. In either event, the order should require Plaintiff, within twenty-four hours after entry, to transmit a copy to Amazon and Walmart through the same channels used to impose the restraints, copy Movants' counsel on the same communications, and state expressly that the restraints no longer apply to Rysotowy, Geqile, or InflaJoy Store. Plaintiff's notices should direct the platforms to release all funds and

remove all listing restrictions imposed solely under ECF Nos. 17 and 29. Movants request a ruling as soon as practicable and no later than October 21, 2026, with the existing Rule 65(c) security retained pending further order.

**Request for hearing**

Movants request decision on the papers under Local Rule 7.1(b) because the relevant record is documentary and a paper ruling will provide the fastest relief. If argument would assist the Court, Movants request a Zoom hearing at the earliest available time. Undersigned counsel is in China for a previously scheduled settlement conference in S.D. Fla. Case No. 25-cv-21899 and cannot attend in person, but can participate remotely at the Court's convenience. Plaintiff's counsel also stated that a Zoom hearing is preferred. No continuance is requested because of counsel's location.

**Local Rule 7.1 conferral certificate**

On October 14, 2026, at 8:40 a.m. ET, and October 15, 2026, at 6:06 a.m. ET, undersigned counsel emailed Plaintiff's counsel, Cole Carlson, concerning complete or partial dissolution. Plaintiff opposes the requested relief but agrees that Zoom is preferred if the Court holds a hearing.

Dated: October 16, 2026

Respectfully submitted,

/s/ Ziqi Yu

Ziqi Yu
Florida Bar No. 1044119
5794 Bird Rd Unit 554
Miami, FL 33155
Telephone: 415-519-5274
Email: procollider@pm.me
Counsel for Defendants
Rysotowy (No. 6), Geqile (No. 14),
InflaJoy Store (No. 26)

**Certificate of service**

I certify that on October 16, 2026, this document was filed through CM/ECF, which serves registered counsel receiving electronic notice.

/s/ Ziqi Yu