**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26668-CIV-ALTONAGA/Reid**

**SHENZHEN XINBENCHUANG ELECTRONICS CO. LTD.,**

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS LISTED ON SCHEDULE "A,"**

Defendants.
_______________________________________/

# ORDER

**THIS CAUSE** came before the Court *sua sponte*. On October 2, 2026, Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd., filed an Amended Verified Complaint ("Amended Complaint") [ECF No. 9], listing "Schedule A" Defendants it alleges are infringing its copyrights. (*See generally id.*). On October 13, 2026, Plaintiff filed under seal a list of the 27 online storefront-Defendants against whom it seeks relief. (*See generally* Sealed Per-Defendant Service Chart . . . [ECF No. 26] (identifying all 27 Defendants by business name)).

In the October 19, 2026 Order [ECF No. 39], the Court directed Plaintiff to show cause why all but the first named Defendant should not be severed and dismissed for being improperly joined in this action. (*See id.* 4–5).[1] The Court further directed any Defendants who have appeared to file responses addressing joinder. (*See id.* 5). On October 20, 2026, Plaintiff filed its Response ("Pl.'s Resp.") [ECF No. 41]; and Defendants, Geqile, InflaJoy Store, Little Bean Store, and

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Rysotowy filed a combined Response ("Defs.' Resp.") [ECF No. 46] on October 21, 2026. The Court has reviewed the parties' submissions, the record, and applicable law. For the following reasons, the Court concludes joinder is improper.

Plaintiff is a limited liability company organized under the laws of the People's Republic of China and the owner of ten United States copyright registrations for inflatable costume and inflatable game designs ("Work(s)"). (*See* Am. Verified Compl. [ECF No. 9] ¶¶ 1, 7, 11–14; *see generally id.*, Comp., Ex. 1, Copyright Registrations [ECF No. 9-1]). Defendants operate storefronts on Amazon.com and Walmart.com through which they have allegedly "reproduced, publicly displayed, distributed, and sold products" copying the protectable expression in Plaintiff's copyrighted works without authorization. (Am. Verified Compl. ¶ 2; *see also id.* 8–9, 17–19).

In its Response, Plaintiff concedes at the outset that its Amended Verified Complaint "does not carry [Federal Rule of Civil Procedure] 20 as pleaded." (Pl.'s Resp. 1 (alteration added)). Clarifying that it "does not defend a twenty-seven-Defendant action," Plaintiff nevertheless seeks joinder of *some* Defendants who are registered under the same business entity or sell copies of the same protected Work. (*See* Pl.'s Resp. 6–8). Plaintiff explains that grouping Defendants and organizing the litigation "by Work" "promote[] judicial economy." (*Id.* 9 (alteration added)). Alternatively, it argues joinder is appropriate to reduce piecemeal litigation as to appearing Defendants 6, 14, and 26, each of which has sought relief from the Temporary Restraining Order in a single defense. (*See id.* 10). Lastly, Plaintiff contends it would be prejudiced if the Court dismissed all but Defendant 1 before October 30, 2026, citing anticipated harms to its sales "in the weeks before Halloween" once the TRO expires. (*Id.* 11–12).

Unsurprisingly, Defendants argue joinder is improper. They argue Plaintiff's proposed solutions to any defects in joinder "do[] not supply the common transaction or series of transactions independently required" by Rule 20(a)(2)(A). (Defs.' Resp. 1–2 (alteration added)). And, in their view, "[n]or do a third-party source, a shared postal code, common counsel, or a jointly filed Rule 65 motion retroactively turn separate sales by separate sellers into the same transaction giving rise to Plaintiff's claims." (*Id.* 2 (alteration added)). Defendants seek dismissal, rather than automatic severance by Plaintiff's proposed groupings, the latter of which Defendants insist would create various inequities. (*See id.* 2, 7).

Rule 20(a)(2) permits joinder of defendants where the plaintiff's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and there is at least one question of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). As a threshold matter, it is now undisputed that the Amended Verified Complaint fails to sufficiently plead why joinder is proper under Rule 20. (*See* Pl.'s Resp. 1; Defs.' Resp. 1–2). Moreover, the Court, like other courts in this District and elsewhere, remains convinced that such generic allegations of similar infringement by a series of defendants are insufficient under Rule 20. Many courts find allegations that a series of defendants are infringing the same mark insufficient to justify joinder. *See Zuru Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-cv-23504, 2023 WL 4014802, at *2 (S.D. Fla. Feb. 28, 2023) (collecting cases).[2]

Plaintiff asserts commonality among Defendants based on the very allegations courts have found insufficient to justify joinder: a series of defendants infringing the same Work. (*See* Pl.'s

[2] Courts further hold that similarities among defendants' allegedly infringing actions are insufficient to satisfy Rule 20. "[S]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) (alteration added; quotation marks and citation omitted); (*see also* Oct. 19, 2026 Order 3–4, 4 n.3 (collecting cases)).

Resp. 4–10). On these allegations, the Court concludes Defendants are improperly joined. *See Omega, SA v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A"*, 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) ("[B]road, conclusory allegations of connectivity do not establish a sufficient connection between [d]efendants to permit joinder." (alterations added; citation omitted)).

Even if joinder were permissible under Rule 20, the Court would not exercise its "broad discretion" to join Defendants. *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (citation omitted). "In making a joinder decision, the district court is guided by the underlying purpose of joinder, which is to promote trial convenience and expedite the resolution of disputes[.]" *Id.* (alteration added; quotation marks and citation omitted); *see also Est. of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1367 (11th Cir. 2010) (affirming court's severance of claims intended "to simplify a case that was becoming increasingly unmanageable"). The Court also considers fairness and prejudice to the parties. *See Roberts v. Mando Am. Corp.*, No. 20-cv-438, 2021 WL 664844, at *2 (M.D. Ala. Feb. 19, 2021).

Plaintiff's approach to prosecution of this action does not promote judicial economy or protect the interests of the parties involved. *See, e.g.*, *Omega, SA*, 650 F. Supp. 3d at 1353 (citation omitted). Certainly, Plaintiff has a legitimate interest in protecting its copyrights and avoiding the burden of filing multiple similar lawsuits. Yet, Plaintiff's convenience is not the only consideration. For instance, with Plaintiff's proposed "Group 1" — a group consisting of 15 Defendants allegedly infringing Plaintiff's "upright capybara Work" — the case would require the Court to evaluate the evidence submitted against each Defendant in support of liability and damages. (Pl.'s Resp. 6); *see Omega, SA*, 650 F. Supp. 3d at 1353 (citation omitted). The burden

may be smaller than in actions involving hundreds of defendants, but the same managerial and judicial-economy concerns exist.

Joinder also prejudices Defendants by "unduly complicat[ing] the action against them, requiring each to monitor filings and wade through evidence pertaining to [several] potentially unrelated codefendants." *Omega, SA*, 650 F. Supp. 3d at 1353 (alterations added). While the Court is mindful of Plaintiff's rights, it is equally concerned with the process due to Defendants. *See Viking Arm AS v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 24-cv-1566, 2024 WL 2953105, at *2 (N.D. Ill. June 6, 2024) (citation omitted).[3]

Accordingly, it is

**ORDERED** that Defendants 2 through 27 on Plaintiff, Shenzhen Xinbenchuang Electronics Co., Ltd.'s Schedule A **[ECF Nos. 9-3, 26]** are **DISMISSED without prejudice**. This case may proceed against Defendant 1. All pending motions are **DENIED as moot**.[4]

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

[3] The Court declines Plaintiff's alternative request to delay dismissal of improperly joined Defendants until past the expiration of the TRO. The TRO has already been extended and expires today at 5:00 p.m. (*See* Oct. 15, 2026 Order [ECF No. 29] 5, 7). Plaintiff is not permitted another extension of the TRO against a non-consenting party. *See Fla. Med. Ass'n, Inc. v. U. S. Dep't of Health, Ed. & Welfare*, 601 F.2d 199, 202 (5th Cir. 1979). Rather, all parties seeking "further restraint" must pursue preliminary injunctive relief. *Id.*

[4] All pending Motions are denied as moot, as each concerns relief sought by or against Defendants dismissed upon entry of this Order. (*See* Defs. Geqile, InflaJoy Store, and Rysotowy's Expedited Mot. to Dissolve the Temporary Restraining Order . . . [ECF No. 32]; Def. Little Bean Store's Expedited Mot. to Dissolve the Temporary Restraining Order . . . [ECF No. 36]; Pl.'s Renewed Expedited Mot. for Preliminary Injunction Against the Capybara Defs. . . . [ECF No. 40]; Pl.'s Unopposed Mot. to Dismiss with Prejudice All Claims Against Def. No. 22 . . . [ECF No. 47]).